AVIATION UPGRADE TECHNOLO-GIES, INC., Plaintiff–Appellant,

v.

BOEING COMPANY; CFM International, Inc.; Rolls–Royce PLC, Defendants–Appellees.

No. 02–56367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 20, 2003.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Maxwell M. Blecher, Esq., Blecher & Collins, P.C., Los Angeles, CA, Plaintiff–Appellant.

David T. Biderman, Perkins Coie LLP, Santa Monica, CA, Christopher D. Dusseault, Esq., Robert E. Cooper, Esq., Gibson, Dunn & Crutcher, Los Angeles, CA, Thomas L. Boeder, Esq., Perkins Coie LLP, Seattle, WA, Robert A. Sacks, Esq., Sullivan & Cromwell LLP, Los Angeles, CA, for Defendants–Appellees.

Before: REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**MEMORANDUM** *

Aviation Upgrade Technologies (AUT) appeals the grant of summary judgment against it on its antitrust action against CFM International, Rolls–Royce PLC, and the Boeing Company. We affirm.

The district court concluded that AUT lacked antitrust standing. We agree. Because antitrust remedies are limited to those who are injured in their business or property,[1] it was incumbent upon AUT to show that it, a nascent firm, had taken substantial demonstrable steps to enter the re-engining of commercial aircraft industry in question here. *See Solinger v. A & M Records, Inc.,* 586 F.2d 1304, 1309 (9th Cir.1978). That meant that AUT had to show more than its intent to enter; it had to " 'demonstrate [its] preparedness to do so' " *Go–Video, Inc. v. Matsushita Elec. Indus. Co., Ltd. (In re Dual–Deck Video Cassette Recorder Antitrust Litig.),* 11 F.3d 1460, 1466 (9th Cir.1993) (citation omitted); *see also Bourns, Inc., v. Raychem Corp.,* 331 F.3d 704, 711 (9th Cir. 2003). That AUT failed to do.

Like the district court, we have applied the usual four considerations to this record. *See Dual–Deck,* 11 F.3d at 1465; *Parks v. Watson,* 716 F.2d 646, 660 (9th Cir.1983); *Solinger,* 586 F.2d at 1309–10. AUT does not meet any of them. Neither AUT nor its sole employee, Torbjorn Lundquist, has any experience whatsoever in the aviation industry, much less the re-engining business segment of that industry. AUT never leased a facility; purchased re-engining or any other mechanical equipment; purchased insurance; hired employees other than its promoter, Lundquist; bought, sold or leased an aircraft; modified an aircraft; applied for an

1. 15 U.S.C. § 15.

FAA certification; or undertook flight tests. It did investigate the possibility of doing some or all of those, but investigation is not enough to show affirmative action for this purpose. *See Dual–Deck,* 11 F.3d at 1466; *Parks,* 716 F.2d at 660. Nor did it have any firm financing commitments—oral or written. It only had contingent possibilities of financing.[2] Finally, AUT showed no consummated contracts to acquire assets, equipment, personnel or facilities, or to sell anything for that matter.[3] In short, while we do not doubt that Lundquist was sincere, AUT was still little more than hope and hype. It did not suffer an antitrust injury.

AFFIRMED.[4]

---

2. AUT attempted to present hearsay statements about possible financing, which were properly rejected. *See Kim v. United States,* 121 F.3d 1269, 1276–1277 (9th Cir.1997).

3. Nor does AUT point to any other factors significant enough to influence the outcome.

4. Because we affirm the district court on this basis, we need not, and do not, consider

whether it correctly determined that there were triable issues of fact regarding an antitrust conspiracy or monopolization practices. *See* 15 U.S.C. §§ 1, 2.

